CASE 103—PETITION EQUITY—FEBRUARY 26.

## Cornett, &c., v. Brashears,

APPEAL FROM PERRY CIRCUIT COURT.

1. CONTRACT FOR SALE OF LAND.—The following contract for the sale of land is held to be void for want of certainty: "That H. B. Brashears binds himself, my heirs, executors and administrators or assigns, in the penal sum of one thousand dollars, to be levied out of my lands, goods, chattels, tenements, etc. The condition of the above obligation is such that I make unto John Cornett, a good and sufficient title to a certain tract or parcel of land lying and (being) in the county of Perry and State of Kentucky on Owen's Branch of Big Leatherwood, a fork of the North fork of the Kentucky river, and bounded as follows, to-wit: On the

east by John Godsey, on the north by James Brashears, on the south by James H. Singleton. John Cornett pays $25.00 down, the remainder when due. If he, John Cornett, fails to pay when due, the first payment is to be void, and contract forfeited. Then this obligation shall be null and void, otherwise in full force and virtue."

2. SAME.—The evidence taken in connection with the writing, shows it to be a mere proposition to sell the land on specific terms, and both parties having abandoned the contract and treated it as no longer binding on either of them, it was properly adjudged to be cancelled.

R. A. HURST AND J. J. C. BACH FOR APPELLANTS.

1. To enable either party to compel a specific execution, the contract must, as a general rule, be mutually binding upon both parties. (Litz v. Goosling, 14 Ky. L. R., 91) In this case there was mutuality—one was to convey the land, and the other paying part down and giving notes with personal security for the remainder. These facts conclusively show that the writing was not intended as an option.

2. The evidence fails to sustain the plea that the contract was abandoned by the parties. The evidence of appellee to that effect was incompetent, because he says it was in a conversation with Cornett, who was dead at the time the evidence was given. (Civil Code, sec. 606.)

D. D. FIELDS AND S. B. DISHMAN FOR APPELLEE.

1. There is no mutuality in the terms of the writing, and the contract is, therefore, unenforceable. Brashears could at no time have enforced the collection of the notes.

2. The writing was nothing more than an option by which Cornett might procure from Brashears within a certain time a conveyance of the land, upon the payment of a certain sum.

THOS. H. HINES AND E. W. HINES ON SAME SIDE.

1. The deferred payments were not paid when due, and under the express terms of the writing "the first payment is to be void and contract forfeited."

2. The petition is defective, because it fails to allege that the deferred payments were made when due, or that the amount had been tendered to defendant.

3. While the cash payment was sufficient to uphold the option, appellants or their ancestor having failed within the prescribed

time to exercise the right of purchase, it is too late to do so almost four years after that time has expired.

But appellants would in no event be entitled to exercise the right to purchase, which was given to their ancestor and not to them.   (Sutherland v. Parkins, 75 Ill., 339.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellants, as widow and heirs of John Cornett, sued the appellee, H. B. Brashears, in the Circuit Court of Perry county, asking a specific execution of the following contract:   "That H. B. Brashears binds himself, my heirs, executors, administrators or assigns, in the penal sum of one thousand dollars, to be levied out of my lands, goods, chattels, tenements, etc.   The condition of the above obligation is such that I make unto John Cornett a good and sufficient title to a certain tract or parcel of land lying and in the county of Perry and State of Kentucky, on Owens' Branch of Big Leatherwood, a fork of the north fork of the Kentucky river, and bounded as follows, to-wit:   On the east by John Godsey, on the north by James Brashears, on the south by James H. Singleton.   John Cornett pays $25 down, the remainder when due.   If he, John Cornett, fails to pay when due, the first payment is to be void and contract forfeited.   Then this obligation shall be null and void; otherwise in full force and virtue.                          H. B. BRASHEARS.

"Witness:   E. C. CAMPBELL and
               "N. CORNETT."

And on this contract plaintiffs ask judgment requiring defendant to convey the land by deed to them as the heirs of John Cornett, deceased, who had died after

the execution of the said bond. The defendant answered and admitted the execution of the paper sued on, and stated the amount of the purchase money that Cornett was to pay for said land, and setting out that Cornett had executed two notes, one of $275, to be paid within thirty days after a tide in the north fork of the Kentucky river, sufficient to float timber, and $200 in eight months from the 5th day of April, 1888, and averring that said bond was only given as an option, and that said Cornett had failed to pay any part of said purchase, though it had been due since about the 5th of December, 1888, and averring that a tide did come up in said river or stream sufficient to float timber in October, 1888, and thereby said note became due, and that he called on John Cornett on the 25th of December, 1888, for payment, and the said John Cornett, not being able to pay the same, informed appellee that he would have to lose the $25 already paid on said contract; alleges that said contract was but an offer to sell and so understood by John Cornett, and alleges that the contract or paper sued on was placed in the hands of E. C. Campbell to hold, and if the said John Cornett failed to make the payments when due Campbell was to give up the paper to appellant.

Upon the hearing of the case on the evidence the court canceled the notes and dismissed plaintiff's petition, and adjudged that the paper sued on was only a proposition of appellee to sell to John Cornett the land on specified terms, and that Cornett had failed to comply with the terms of the proposition, and ad-

judged the cost against appellants, and from that judgment this appeal is prosecuted by appellants.

We are inclined to the opinion that the contract sued on is void for the want of certainty, but the court below adjudged the paper to be a mere proposition of appellee to sell the land on specified terms, which were never complied with, and it appears from the evidence that both parties, upon the failure of Cornett to pay the money when due, abandoned the contract and regarded it as no longer binding on either.

We are of the opinion the judgment of the court below was right.

The judgment of the circuit court is affirmed.